**VAN HORN, John, Appellant,**

v.

**SCHWEIKER, Richard S., Secretary of Health and Human Services, Appellee.**

No. 82–1740.

United States Court of Appeals, Third Circuit.

Argued June 14, 1983.

Decided Sept. 28, 1983.

872

David A. Scholl (argued), Lehigh Valley Legal Services, Inc., Bethlehem, Pa., for appellant.

Michael P. Meehan, Asst. Regional Atty. (argued), Diane C. Moskal, Regional Atty., Region III, Philadelphia, Pa., Peter F. Vaira, U.S. Atty., Stanley Weinberg, Asst. U.S. Atty., E.D. Pa., Philadelphia, Pa., for appellee.

Before HUNTER and HIGGINBOTHAM, Circuit Judges, and ZIEGLER,* District Judge.

* Honorable Donald E. Ziegler, United States District Judge for the Western District of Pennsyl-

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

This is an appeal by a former recipient of disability benefits from a summary judgment entered against him and in favor of the Secretary of Health and Human Services. Appellant John Van Horn began receiving disability benefits under the New York State disability benefit program in 1973. In 1974 that program was converted into the federally administered Supplemental Security Income ("SSI") program. Van Horn received SSI benefits from 1974 until 1981, when the Office of Disability Operations of the Social Security Administration determined that Van Horn's disability had ceased. Van Horn requested a hearing. On January 27, 1982, the Administrative Law Judge ("ALJ") determined that Van Horn was no longer disabled for purposes of the Act and was not entitled to SSI payments. That determination became the Secretary's final decision when the Appeals Council denied Van Horn's request for review. Van Horn sought judicial review of the Secretary's decision. The United States District Court for the Eastern District of Pennsylvania found that the Secretary's decision was supported by substantial evidence in the record, and affirmed it.

We disagree that the ALJ's finding was supported by substantial evidence, and will remand.

### I. BACKGROUND

Van Horn was last regularly employed in 1971, when his eight year addiction to heroin rendered him unable to work. He was then hospitalized and maintained in methadone programs for a number of years. Van Horn was cured of his drug habit, but he became an alcoholic during methadone withdrawal. He joined Alcoholics Anonymous and, as of the date of the hearing, had been free of drug or alcohol use for seven years.

Although Van Horn is no longer abusing drugs or alcohol, he continues to be adversely affected by his past abuse. Van Horn,

vania, sitting by designation.

his mother and his Alcoholics Anonymous Sponsor testified at the hearing that Van Horn is an extremely nervous, emotionally fragile individual who has great difficulty dealing with any stress. Van Horn and his witnesses also testified that he suffers intense stomach pains and disorders and, as a result of his methadone treatments, arthritic joint pains.

The medical evidence is sparse, but wholly consistent with the testimony of Van Horn and his witnesses. In October, 1981, Van Horn's treating physician determined that Van Horn was "chronically disabled on the basis of a seizure disorder, drug dependency, and emotional instability with severe anxiety." He concluded, "I do not believe that he is capable of functioning independently in terms of full employment at any level." A doctor who administered a consultative psychiatric examination reached conclusions consistent with those of the treating physician:

The diagnosis is a burned-out ex-addict. Seizure state probably post traumatic. Personality disorder, paranoid. Personality disorder, dependent. Personality disorder, schizoid.

Finally, the Secretary presented a Vocational Expert ("VE"). The VE testified that Van Horn probably could not engage in his past work or any other substantial gainful activity because of his emotional problems. After the ALJ asked the VE to base his conclusion solely on "the medicals" —apparently excluding the doctors' conclusions concerning the existence and extent of Van Horn's emotional impairments—the VE concluded that Van Horn probably could perform a few jobs, such as front desk clerk or cashier.

On the basis of this evidence, the ALJ concluded that Van Horn was not disabled. He disregarded all evidence of Van Horn's

emotional disabilities because he concluded that Van Horn "certainly did not present any emotional difficulty during the course of the instant hearing." He then concluded that Van Horn's physiological ailments would not, by themselves, prevent Van Horn from working.

## II. DISCUSSION

Although an ALJ's findings of fact must be taken as conclusive when supported by "substantial evidence," [1] *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir.1979), one searches this record in vain for any evidence supporting the ALJ's conclusions. Van Horn and his witnesses testified that he was emotionally disabled. The reports of Van Horn's physician and of the consultative psychiatrist supported this claim. No conflicting medical opinions were submitted. Nor did the Secretary present any evidence indicating that individuals with Van Horn's uncontested emotional disabilities are able to work.[2] To decide as he did, the ALJ must have ignored all of the evidence indicating that Van Horn was emotionally disabled and that this disability prevented him from working. The district court indicated that the ALJ must have found the testimony of Van Horn and his witnesses incredible. But the ALJ never specifically stated that he did not find their testimony credible. While the ALJ is empowered to evaluate the credibility of witnesses, *see, e.g., Smith v. Califano,* 637 F.2d 968, 972 (3d Cir.1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir.1974), *cert. denied,* 420 U.S. 931, 95 S.Ct. 1133, 43 L.Ed.2d 403 (1975), we would expect him at least to state that he found a witness not credible before wholly disregarding his testimony. Indeed, if this ALJ did in fact find Van Horn and all of his witnesses devoid of

1. The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). While this court has recognized that the substantial evidence standard implies deference to administrative decisions, it has emphasized that "appellate courts retain a responsibility to scrutinize the entire record and to reverse or remand if the Secretary's decision is not supported by substantial evidence." *Smith v. Califano,* 637 F.2d 968, 970 (3d Cir.1981) (citations omitted).

2. Indeed, the VE specifically stated that Van Horn "is not employable based upon his emotional problems . . . ."

credibility, we cannot understand why he would not have stated some reason for that conclusion.

■ Even assuming, however, that the ALJ did conclude that none of the lay witnesses were credible, there remains the problem of the medical evidence. Van Horn's treating physician determined that Van Horn was unable to work. He based this determination in part on conclusions about Van Horn's emotional state—conclusions which were consistent with the consultative psychiatrist's conclusions. The ALJ ignored this evidence in favor of his own conclusion that Van Horn had no emotional problems. In so doing, he acted impermissibly. This court has repeatedly held that "an ALJ is not free to set his own expertise against that of physicians who present competent medical evidence." *Fowler v. Califano,* 596 F.2d 600, 603 (3d Cir.1979). *See also Rossi v. Califano,* 602 F.2d 55 (3d Cir.1979); *Gober v. Matthews,* 574 F.2d 772, 777 (3d Cir.1978). Indeed, we have previously warned that, "[i]n cases of alleged psychological disability, such lay observation [by an administrative judge] is entitled to little or no weight." *Kelly v. Railroad Retirement Bd.,* 625 F.2d 486, 494 (3d Cir.1980) (quoting *Lewis v. Weinberger,* 541 F.2d 417, 421 (4th Cir.1976) ). The ALJ could only have reached his conclusion by relying solely on his own non-expert observations at the hearing—in other words, by relying on the roundly condemned "sit and squirm" method of deciding disability cases. *See, e.g., Freeman v. Schweiker,* 681 F.2d 727, 731 (11th Cir.1982); *Aubeuf v. Schweiker,* 649 F.2d 107, 113 n. 7 (2d Cir. 1981).[3]

■ There is simply no competent evidence in this record supporting the ALJ's conclusion that Van Horn was not emotionally disabled and that he was able to engage in substantial gainful employment. Because we conclude that the ALJ's opinion was not supported by substantial evidence in the record, we will remand this case to the district court for transfer to the Secretary for proceedings consistent with this opinion.

---

**3.** "In this approach, an ALJ who is not a medical expert will subjectively arrive at an index of traits which he expects the claimant to manifest at the hearing. If the claimant falls short of the index, the claim is denied." *Freeman v. Schweiker,* 681 F.2d at 731.