**Andrea P. ORBIN, Appellant**

v.

**\*Jo Anne B. BARNHART,
Commissioner of Social
Security**

No. 01–4182.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) on May 1, 2002.

Filed June 28, 2002.

Before NYGAARD, ROTH and WEIS,
Circuit Judges.

OPINION

ROTH, Circuit Judge.

Andrea Orbin challenges the decision of the District Court affirming the ALJ's finding that she was not entitled to disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act. The ALJ determined that she was capable of performing light work, despite complaints of degenerative arthritis, heart disease and emphysema. Orbin appeals on the following bases: (1) the ALJ failed to grant substantial weight to the diagnoses of treating physicians, and (2) the substantial evidence failed to support the ALJ's finding that Orbin could perform light work. The determinations

\* (Pursuant to F.R.A.P 43(c)(2))

of the ALJ will not be set aside unless clearly erroneous. Fed.R.Civ.P. 52(a). We will not disturb the findings of the ALJ because we find no clear error.

First, the ALJ acknowledged that the medical evidence supported the diagnoses of chronic low back pain, fibromyaglia, depressive disorder, anxiety disorder, and chronic obstructive pulmonary disease. Nonetheless, a diagnosis alone fails to validate the severity of an impairment. The ALJ must consider the extent to which a claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record. 20 C.F.R. §§ 404.1529(a), 416.929(a). Accordingly, an ALJ must evaluate the intensity and persistence of the symptoms to determine their impact on a claimant's ability to work. 20 C.F.R. §§ 404.1529(c), 416.929(c). Such credibility determinations as to a claimant's testimony regarding pain and other subjective complaints are for the ALJ to make. *Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir.1983).

The ALJ noted physical and mental findings reported by four separate physicians. One doctor reported Orbin's ability to easily move her body with full range of motion and strength in all extremities. Another doctor reported that Orbin had normal station and gait and could move on and off the examination table without any difficulty. A third doctor advised Orbin to start an exercise regimen for general conditioning and mitigation of pain; however, no evidence of exercise or physical therapy was provided. Finally, a fourth doctor found no mental problems citing Orbin's ability to subtract from 100 using intervals of seven. In light of the medical evidence, the ALJ properly determined that Orbin's complaints of debilitating pain were incon-

sistent with the findings of her treating physicians despite the various diagnoses.

Second, the ALJ must accommodate only those physical limitations supported by the record in determining a claimaint's residual functioning capacity (RFC). *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir.1987). Once again, the relevant consideration is not the fact that Orbin has been diagnosed, but rather to what extent her illness causes functional limitations. *See Tsarelka v. Secretary of HHS*, 842 F.2d 529, 534 (1st Cir.1988) (holding that the mere presence of fibrositis did not entitle the plaintiff to disability benefits).

Orbin relies on the diagnosis of fibromyalgia to assert that she is totally incapacitated, but doctors have found absolutely no medical evidence to support this assertion. Therefore, relying on the medical evidence presented by the treating physicians, the ALJ limited Orbin to light work that involves standing or walking of up to only three hours in an eight hour work day and accommodates postural limitations with a sit/stand option. The ALJ employed a vocational expert to determine that Orbin was capable of performing jobs such as an unarmed guard, document preparer, and telephone services worker. Accordingly, the ALJ properly relied upon this testimony in determining Orbin's residual functioning capacity. 20 C.F.R. §§ 404.1566(e), 416.966(e). We will, therefore, affirm the judgement of the District Court denying Orbin benefits under the Social Security Act.