Carlos **MERCADO–PUMARES,**
Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendants.**

**Civil No. 02–1876(JAG).**

United States District Court,
D. Puerto Rico.

Sept. 30, 2003.

Raymond Rivera–Esteves, Juan Hernandez Rivera & Assoc., San Juan, PR, for plaintiff.

Camille L. Velez–Rive, United States Attorney's Office, Torre Chardon, San Juan, PR, for defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On June 10, 2002, plaintiff Carlos Mercado Pumares (hereinafter "Mercado–Pu-

mares") sought judicial review of the Administrative Law Judge's ("ALJ") decision to affirm the final determination of the Commissioner of Social Security (hereinafter "Commissioner") that denied his application for Social Security disability insurance benefits pursuant to section 205(g) of the Social Security Act (hereinafter "the Act"), 42 U.S.C. 405(g). Both parties have filed memoranda in support of their respective positions (Docket Nos. 9 and 10 respectively). On May 19, 2003, Magistrate–Judge Justo Arenas submitted a Report and Recommendation, and recommended that the court affirm the Commissioner's final decision and dismiss the case. Mercado–Pumares timely filed his objections to the Magistrate–Judge's Report and Recommendation (Docket No. 4). Upon a review of the record, and after considering Mercado–Pumares' objections, this Court **ADOPTS** the Magistrate Judge's recommendation for the reasons stated below.

## FACTUAL BACKGROUND

Mercado–Pumares is 57 years-old, has a second year college education, and in the past has worked as a gas station manager and as a warehouse manager. On October 1, 1999 Mercado–Pumares filed an application for disability insurance benefits alleging an inability to work since August, 1999, due to health problems that caused pain and other physical disorders. The Social Security Administration denied the application. On May 11, 2001, the ALJ before whom plaintiff appeared considered the case and found that plaintiff was not under a disability. The ALJ affirmed the Commissioner's decision to deny the application. On April 30, 2002, the Appeals Council denied a request for review of the ALJ's decision. Hence, the decision is now subject to judicial review pursuant to section 405(g) of the Act.

Mercado–Pumares has submitted a memorandum in opposition to the Magistrate–Judge's Report and Recommendation that raises two specific contentions. Mercado–Pumares argues that the ALJ should have found his subjective complaints to be credible, and that he should have addressed the limitations imposed by his use of a cane. For those reasons, Mercado–Pumares argues that the ALJ's decision was not backed by substantial evidence.

## DISCUSSION

■ To establish entitlement to benefits, the claimant has the burden of proving that he became disabled within the meaning of the Social Security Act, *Torres v. Apfel*, 210 F.3d 385, 2000 WL 61298 (9th Cir.2000), *Deblois v. Secretary of HHS*, 686 F.2d 76,(1st Cir.1982). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medical determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months, 42 U.S.C. § 416(i)(*l*), § 423(d)(*l*). The Secretary of Health and Human Services applies a five-step sequential inquiry into whether or not an applicant for benefits should be considered "disabled" and thus eligible for benefits. 20 C.F.R. § 404.1520 (1985).

■ First, the Secretary determines whether the claimant is currently engaged in "substantial gainful activity"; if so, then a "not disabled" finding is warranted. Second, the Secretary must determine whether the claimant has a "severe" condition or impairment, one that "significantly limits his or her physical or mental ability to perform basic work-related functions." If the claimant's impairment is "non-severe," then he or she is considered not disabled, without any consideration of age,

education, or work experience, and without any further consideration of steps three through five. If the claimant's impairment is deemed severe, then the evaluation proceeds to the third step. At this stage, the claimant's impairment is evaluated in light of certain listed impairments. If the impairment is equivalent to one of those listed, the claimant is automatically considered disabled. If not, then under step 4 the Secretary will determine whether the claimant is able to do his or her past work. If the claimant can perform past work, a "not disabled" finding ensues. Finally, and only if none of the other steps in the process warrants a finding of either disability or non-disability, the claimant's age, education, and work experience are considered, along with his or her residual functional capacity, to determine whether there is other work in the national economy that the claimant can perform. If such work does exist, the claimant is not considered disabled; if it does not exist, the claimant is disabled. *McDonald v. Secretary of Health & Human Services,* 795 F.2d 1118 (1st Cir.1986).

■ If agency action is constitutionally authorized by statute, such action is presumed valid on review unless it is not supported by substantial competent evidence and is so wide off its mark as to be outside the realm of fair debate or is otherwise unreasonable, arbitrary, or capricious and results in prejudice to parties. *Kaufman v. State Dept. of Social & Rehabilitation Services,* 248 Kan. 951, 811 P.2d 876, *American Crop Protection Ass'n v. U.S. E.P.A.,* 182 F.Supp.2d 89, (2002).

■ Mercado–Pumares's objections must be evaluated with due consideration for credibility, motivation, and medical evidence of impairment, *Rodriguez v. Celebrezze,* 349 F.2d 494, 496 (1st Cir.1965). The ALJ in a social security case is empowered to evaluate the credibility of witnesses, and his findings on the credibility of claimants are to be accorded great weight and deference, particularly since the ALJ is charged with the duty of observing a witness's demeanor and credibility. *Irelan v. Barnhart,* 243 F.Supp.2d 268, 277 (2003), *Van Horn v. Schweiker,* 717 F.2d 871, 873 (3d Cir.1983). The ALJ must review all of the medical findings and other evidence presented in support of the attending physician's opinion of total disability, for purposes of determining whether a claimant is eligible for social security disability benefits; in doing so, the ALJ must weigh the relative worth of a treating physician's report against the reports submitted by other physicians who have examined the claimant, *Irelan, Id.*

■ In the case at hand, the ALJ considered the treating physicians' opinions, and for the reasons set forth in his report the ALJ found their opinions not to be persuasive. The state agency consultants considered that the claimant was able to work. The ALJ agreed with the state agency consultants and advised that Mercado–Pumares could perform light work in view of his medical history with only one limitation; he should stay away from unprotected heights. The record indicates that the ALJ took into consideration Mercado–Pumares' past relevant work for determining his residual function capacity. An ALJ in a social security disability case may reject the claimant's claim of disabling pain if he affirmatively addresses the claim in his decision, specifies the reason for rejecting it, and his conclusion is supported by the record, 20 C.F.R. 404.1520(c). For the aforementioned reasons, we Mercado–Pumares' first argument in support of disability benefits must be rejected.

■ The second objection under this Court's consideration is whether plaintiff's

use of a cane was considered as a factor by the ALJ in his determination that Mercado–Pumares was not disabled. After examining the transcripts of the hearing held on January 29, 2001, we find that the ALJ did take into consideration his use of the cane. It is stated that Dr. Fortis advised him to use the cane after his "brain attack" due to the fact that his leg sometimes fails. (Tr. at 42). This issue was discussed during the hearing and the ALJ was aware of it before he reached his final decision. (Tr. at 42–43, 51–54.) Even though the ALJ could have found that the use of the cane was necessary due to Mercado–Pumares' condition, he did not consider it to be a limiting factor to the extent that it completely disables the claimant. "The treatment course, the objective findings and diagnoses reported do not support the conclusion that the claimant has such a persistent and completely restricted residual functional capacity ..." (Tr. at 25). The administrative agency has only to produce some evidence from which a finding can be made that the claimant can do some type of work, *Dvorak v. Celebrezze,* 345 F.2d 894, 896 (1st Cir.1965). The ALJ states in his decision that "although he (Mercado–Pumares) was found with a moderate venous insufficiency on the left popliteral and left posterior tibialis veins in a Doppler study of January 1997, this condition did not preclude him from working in his usual light work activities in 1997 and in 1998". (Tr. at 23). This Court finds that the ALJ did not err in concluding that the use of a cane does not prevent Mercado–Pumares from pursuing his occupation.

## CONCLUSION

This Court finds that the evidence on record supports the administrative determination that appellant was not disabled under the definition of the term in the Social Security Act, 42 U.S.C. § 416(i)(1)(A) and § 423(c)(2). Furthermore, it is clear from the record that the ALJ did consider Mercado–Pumares use of a cane. For the reasons discussed above, this Court **ADOPTS** the Magistrate–Judge's Report and Recommendation to affirm the Commissioner's final decision denying disability benefits. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of September 2003.