

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-9-2003

# Norris v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2309

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Norris v. Comm Social Security" (2003). *2003 Decisions.* Paper 66.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/66

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2309

JOSEPH A. NORRIS,

Appellant

v.

JOANNE B. BARNHART,
Commissioner of Social Security

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No. 01-cv-00316J)
District Court Judge: Honorable David S. Cercone

Submitted Under Third Circuit LAR 34.1(a)
December 4, 2003

Before: SLOVITER, ALITO, and OBERDORFER[*], Circuit Judges.

(Opinion Filed: December 9, 2003 )

---

[*]Honorable Louis F. Oberdorfer, U.S. District Judge for the District of Columbia,
sitting by designation.

OPINION OF THE COURT

PER CURIAM:

Joseph Norris challenges the Commissioner's denial of his application for disability benefits. Norris claims that his assorted disabilities leave him unable to work at any job available in the national economy. The District Court granted summary judgment for the Commissioner. We affirm because we find that the ALJ's determinations were supported by substantial evidence. See 42 U.S.C. 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971)(defining "substantial evidence.") As we write only for the parties, we will not restate the full facts of the case.

In his opinion, the ALJ found that Norris suffered from fibromyalgia, chronic sinusitis/rhinitis, and a depressive disorder, none of which were severe enough to meet a listed disability under 20 C.F.R. 404 supt. P., app 1. The ALJ, relying upon the testimony of a vocational expert, found that a man with Norris's characteristics and disabilities could engage in several jobs available in the economy, such as dishwashing, clerking, or janitorial work. See 20 C.F.R. § 416.905 (2000).

Norris's major contention is that the ALJ improperly discredited his testimony and the opinions of his two treating physicians, all of which the ALJ found to be inconsistent with objective medical evidence, Norris's own testimony, and the opinions of two other physicians. While Norris is correct that the opinion of treating

physicians is typically afforded greater weight than other medical evidence, see Adorno v. Shalala, 40 F.3d 43, 47 (3d Cir. 1994), the physicians's explanations as to the extent of Norris's disabilities were unclear, see Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999), and were contradictory to almost all the other medical and opinion evidence in the case (e.g., Norris's x-rays, hospitalization record, physical examinations results, his own testimony about his daily activities, and the reports and opinions of Doctors Tam and Mahon). See 20 C.F.R. §404.1527(d); Newhouse v. Heckler, 753 F.2d 283, 286 (3d Cir. 1985). As such, the ALJ was well within his discretion to partially discount Norris's testimony and the opinions of his treating physicians. See Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983)

Without those opinions, there is substantial evidence showing that Norris's disabilities do not preclude him from holding the various jobs identified by the ALJ. The various medical evidence cited above shows that Norris is both physically and mentally able to work at numerous low-stress jobs.

Affirmed.