

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-24-2004

# Diaz v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2610

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Diaz v. Comm Social Security" (2004). *2004 Decisions.* Paper 983.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/983

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-2610
_____

ROSA DIAZ,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
District Court Judge:  Joel A. Pisano
(D.C. Civ. No: 01-cv-02502)
_____

Submitted Under Third Circuit LAR 34.1(a)
January 29, 2004

Before: NYGAARD, and FUENTES, Circuit Judges,
and O'NEILL[*], District Judge.

(Opinion Filed: February 24, 2004)
_____

OPINION OF THE COURT
_____

_____

[*]Hon. Thomas O'Neill, U.S. District Judge for the Eastern District of Pennsylvania,
sitting by designation.

1

FUENTES, Circuit Judge.

The appellant, Rosa Diaz, appeals from an order of the District Court affirming the decision of the Commissioner of Social Security denying her Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). We conclude that substantial evidence supports the Commissioner's decision, and therefore, we will affirm.

I

Rosa Diaz applied for DIB and SSI on December 2, 1996, alleging disability beginning on June 1, 1991, pursuant to Titles II and XVI of the Social Security Act. The Social Security Administration determined that Diaz was not disabled as of June 30, 1995. The application was accordingly denied, and Diaz sought review before an Administrative Law Judge (ALJ).

Diaz is a divorced mother of two. A high school graduate, she was employed as a bookkeeper from 1981 to 1989. She stopped working in June 1991 claiming symptoms of HIV and was later diagnosed with HIV on April 1, 1993. Diaz was also diagnosed with Hepatitis C in 1996.

In addition to HIV and Hepatitis C, Diaz has experienced pulmonary problems, chronic liver disease, asthma, cervical candidiasis, fever, night sweats, chronic diarrhea, and stomach and side pain. She has also experienced diffuse wheezing in her lungs, constipation, gastric discomfort, insomnia, and weight fluctuation. During the period from July 1995 until April 1997, Diaz underwent pulmonary function testing which

2

yielded results suggesting mild obstructive lung disease.

Regarding Diaz's psychological condition, Arlene Diaz, a substance abuse counselor, concluded that Rosa Diaz was "doing well in all areas of her life." Dr. Linda Cameron, a psychiatrist who had treated Diaz for depression and other personality disturbances, found symptoms indicating depression, despair, anxiety, emotional outbursts and confusion. As a result of her physical and mental impairments as well as her past intravenous drug use, Diaz has been taking a variety of medications.

On September 13, 1996, Diaz's physician, Dr. Stephen Manocchio, completed a medical report indicating that she had no restrictions or limitations on daily activities. On January 15, 1997, a state agency medical consultant reviewed Diaz's records and determined that she was capable of lifting ten pounds, occasionally twenty pounds, could sit, stand or walk for six hours out of an eight-hour workday, and had no postural or communicative limitations. This opinion was independently reviewed and determined to be accurate by another state medical consultant.

Based on Diaz's medical records and testimony, the Administrative Law Judge concluded that Diaz is not entitled to receive Social Security and Disability benefits. First, he held that although Diaz suffers from HIV, Hepatitis C, asthma and other impairments, these illnesses do not meet or equal the criteria of any of the impairments listed in Appendix 1 of the Regulations. (20 C.F.R., Part 404, Subpart P, Appendix 1).

Next, the ALJ concluded that Diaz's impairments do not preclude her from

3

performing her past work as she performed it or as it is performed in the national economy. Specifically, the ALJ determined that the objective evidence showed that Diaz could perform light exertional work and that although Diaz's past relevant work required her to lift up to twenty pounds, it is generally performed at the national level in a sedentary manner. Therefore, at least in a modified way, Diaz could continue working.

The ALJ officially denied Diaz's application on August 22, 1998, at which point Diaz sought review in the Appeals Council. After the Appeals Council declined to review the application, Diaz filed this suit in the United States District Court for the District of New Jersey, which affirmed the decision of the ALJ on March 31, 2003. Thereafter, Diaz filed this timely appeal.

The District Court exercised jurisdiction over Diaz's request for review of the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g). Because the District Court's order was a final judgment, we exercise jurisdiction over the instant appeal pursuant to 28 U.S.C. § 1291. We review de novo the issue of whether the Commissioner's denial of benefits was supported by substantial evidence. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). Substantial evidence is defined as evidence that is more than a mere scintilla, Richardson v. Perales, 402 U.S. 389, 401 (1971); but affirmation is warranted if this Court decides that the decision of the Commissioner is reasonably supported by the evidence, without attention to whether this Court would have decided differently. Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938), (defining substantial

4

evidence as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion").

## II

Diaz sets forth two arguments in her appeal of the Commissioner's decision. First, she maintains that the administrative decision was not supported by substantial evidence. More specifically, Diaz claims that the decision violates this Court's own Cotter Doctrine, set forth in Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981) (Cotter I) and refined in Cotter v. Harris, 650 F.2d 481, 482 (3d Cir. 1981) (Cotter II), by failing to address relevant evidence and by rendering its judgment "without the slightest evidentiary basis or articulated explanation." Diaz Br. at 2 (*citing* Cotter I, 642 F.2d at 705). We disagree.

Diaz is correct in asserting that Cotter I requires the ALJ to give some indication of the evidence that was rejected. However, as Cotter II clarified, Cotter I "simply requires that the ALJ indicate that s/he has considered all the evidence . . . and provide some explanation of why s/he has rejected probative evidence which would have suggested a contrary disposition." Cotter II at 482.

Diaz claims that the ALJ dismissed her psychiatric impairments and the opinions of her physicians, refused to detail her complaints and omitted evidence of her medications, all without justification. This claim is unfounded. The ALJ discussed the opinions of Diaz's physicians, nurse and social worker as well as the opinions of two State Agency medical consultants, both of whom had reviewed Diaz's medical records.

5

None of these opinions indicated that Diaz's condition prevented her from working.

More specifically, Diaz takes issue with the lack of weight given by the ALJ to the opinion of Diaz's psychiatrist, Dr. Cameron. We find, however, that the ALJ adequately outlined Dr. Cameron's opinion and sufficiently explained his reason for according it little weight, including the contradictory opinion of Diaz's substance abuse counselor that Diaz's mood was normal and that her thoughts were organized and coherent. This meets the standard set out in Cotter I.

Diaz also contends that the ALJ refused to detail all of her complaints and omitted mention of her medications. While it is true that the ALJ did not include an exhaustive list of Diaz's complaints, the ALJ indicated that he had considered Diaz's complaints and gave reasons for rejecting them, one of the reasons being that he believed Diaz lacked credibility.

The ALJ has the authority to evaluate the credibility of witnesses. Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983). The ALJ found that based on objective medical evidence such as CD4 counts, weight stability and the opinions of her physicians, and based on her own testimony as to the extent of her daily activities, Diaz's actual condition was inconsistent with her complaints.

Even still, if the witness's subjective complaints are substantiated by medical evidence, the ALJ may not conclude that the witness lacks credibility without contradictory medical evidence. Green v. Schweiker, 749 F.2d 1066, 1070 (3d Cir.

6

1984). In the present case, Diaz's subjective complaints are not unequivocally supported by the medical evidence. Although some evidence exists that could substantiate Diaz's complaints, for each supporting piece of medical evidence there exists either contradictory medical evidence or a contradictory interpretation of the same medical evidence. Not only did the ALJ indicate the basis for his decision to discount Diaz's credibility, but he also listed the contradictory medical evidence used to discount the medical evidence offered by Diaz.

Next, although the ALJ did not list Diaz's medications by name, he did note generally that she was taking medications. The ALJ was not required to indicate with specificity each medication in Diaz's regimen. The Social Security Administration's approach to determining disability focuses on *impairments* as criteria, not medications. See 20 C.F.R. § 404. The existence of a medicinal regimen does little to persuade this Court as to the extent of Diaz's disability, especially considering the existence of the more objective standards required by §404.

Diaz's second contention is that the ALJ's finding at step three of the sequential evaluation was not supported by substantial evidence. At step three, the ALJ compares "the medical evidence of the claimant's impairment . . . to a list of impairments presumed severe enough to preclude any gainful work." If the claimant's impairment matches or is "equal" to one of the listed impairments, he qualifies for benefits without further inquiry. Mason v. Shalala, 994 F.2d 1058, 1063 (3d Cir. 1993). Diaz claims that the ALJ did not

7

adequately state his reason for finding that she did not meet any of the criteria listed in 20

C.F.R. § 404. Diaz argues that she meets three §404 Listings, any one of which entitles

her to disability benefits. These are Listings: 14.08D(5), 14.08B(2), and 14.08N, of 20

C.F.R. § 404. We must consider whether the ALJ adequately addressed Diaz's arguments

and whether substantial evidence exists to support the ALJ's decision.

In regard to Listing 14.08, the ALJ stated that Diaz "has not had one of the

associated infections, conditions, or abnormalities required by such listing nor has she

marked limitations in daily activities, social functioning, or difficulty in completing tasks

in a timely manner due to deficiencies in concentration, persistence, or pace." Diaz App.

at A-25. Based on this statement, Diaz argues that the ALJ did not address the specific

subsections claimed. We cannot agree. Although the ALJ's remarks fail to explicitly

name each specific listing within §404 argued by Diaz, his referencing of the criteria for

those listings is an adequate indicator that these listings were, in fact, considered.

Listing 14.08B(2) covers certain types of candidiasis which give rise to disability.

Candidiasis is one of the "associated infections" referred to by the ALJ in his decision

and properly rejected by him as Diaz does not meet the listed criteria.

The ALJ also addressed the argument that Diaz is covered by Listing 14.08N. To

qualify under Listing 14.08N, a claimant must prove his or her repeated manifestations of

HIV resulting in significant, documented symptoms and either a marked restriction in

daily living, social functioning or task completion. In regard to whether Diaz was

8

covered under Listing 14.08N, the ALJ stated that Diaz has not "[had] marked limitations in daily activities, social functioning, or difficulty in completing tasks. . ."

Lastly, the argument that the ALJ did not adequately address Diaz's claim that she is entitled to benefits under Listing 14.04D(5), which grants disability to those suffering from HIV and Hepatitis under specific circumstances, is without merit. The ALJ explicitly addressed Diaz's claim in his decision by referencing Listing 5.05, the criteria for chronic liver disease. On Diaz's counsel's own admission Diaz fails to meet the criteria for coverage under this Listing.

The second part of Diaz's claim with regards to Listings 14.08D(5), 14.08B(2), and 14.08N, of 20 C.F.R. § 404, is that the ALJ's denial of coverage based on this section is not supported by substantial evidence. The ALJ stated in his decision that he reviewed Diaz's medical reports and subjective complaints. These records contain evidence showing that Diaz does not meet the standards for chronic liver disease, 14.08D(5), candidiasis, 14.08B (2), or the Commissioner's "catch-all," 14.08N. We conclude that this evidence was sufficient to support the ALJ's decision.

## III

Upon a careful review of the entire record, we conclude that substantial evidence supports the Administrative Law Judge's decision. Accordingly, we affirm the denial of disability insurance benefits and Supplemental Security Income Benefits.

9