**James A. GILMORE, Plaintiff**

v.

**Jo Anne BARNHART, Commissioner of Social Security, Defendant**

No. CIV.A.04–3394.

United States District Court, E.D. Pennsylvania.

Feb. 11, 2005.

Stephen Durham, Media, PA, for Plaintiff.

Eda Giusti, Teri C. Smith, Office General Counsel, Social Security Administration, Philadelphia, PA, for Defendant.

## MEMORANDUM OPINION AND ORDER

RUFE, District Judge.

Plaintiff seeks judicial review of the decision of the Commissioner of the Social Security Administration denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401–433. Presently before the Court are the parties' cross-motions for summary judgment. United States Magistrate Judge Arnold C. Rapoport issued a report recommending that this Court deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion, and affirm the Commissioner's decision. Upon careful and independent consideration of the administrative record, Judge Rapoport's report, and Plaintiff's objections thereto, the Court overrules Plaintiff's objections and grants Defendant's Motion for Summary Judgment.

## I. BACKGROUND

Judge Rapoport sets forth in his Report and Recommendation ("R & R") a detailed review of the procedural history, factual background and evidence submitted in this case. Plaintiff does not object to Judge Rapoport's recitation of the facts, and the Court therefore adopts and incorporates that recitation herein. The following summary is presented for informational purposes only.

Plaintiff filed his application for DIB on November 8, 2002, alleging disability since January 4, 2002, the day after he was laid off from his job at Boeing Company. Plaintiff contends he is disabled due to fibromyalgia, a mood disorder, status/post right shoulder cuff tear, and status/post anterior cruciate ligament repair of left knee. The Commissioner of Social Security denied Plaintiff's claims for DIB, and Plaintiff thereafter requested a hearing. After a hearing before Administrative Law Judge ("ALJ") Margaret A. Lenzi on September 24, 2003, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform a significant range of medium work and denied Plaintiff's claim on October 27, 2003. The Appeals Counsel denied Plaintiff's request for review, and Plaintiff then appealed to this Court.

On cross-motions for summary judgment, Judge Rapoport filed his R & R, finding that the ALJ's decision was supported by substantial evidence of record. Today the Court adopts the legal reasoning and conclusion set forth in the R & R. Consistent with its duty as articulated in

28 U.S.C. § 636(b)(1), the Court addresses below those portions of the R & R to which objection is made.

## II. STANDARD OF REVIEW

The Social Security Act provides for judicial review of any "final decision of the Commissioner of Social Security" in a disability proceeding.[1] The district court may enter a judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."[2] However, the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive."[3] Accordingly, the Court's scope of review is "limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact."[4]

Substantial evidence has been defined as "more than a mere scintilla" but somewhat less than a preponderance of the evidence, or "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[5] The standard is "deferential and includes deference to inferences drawn from the facts if they, in turn, are supported by substantial evidence."[6] "Consequently, the court 'will not set the Commissioner's decision aside if it is supported by substantial evidence, even if [it] would have decided the factual inquiry differently.'"[7]

In reviewing Judge Rapoport's R & R, this Court must review *de novo* only "those portions" of the R & R "to which objection is made."[8]

## III. DISCUSSION

Plaintiff raises six objections to the R & R, asserting that: 1) Judge Rapoport incorrectly found that counsel's brief did not comply with the Court's November 29, 2004 Order; 2) the ALJ ignored competent medical evidence without explanation; 3) the ALJ's improperly found that Dr. Vsevolod Kohutiak's report was not supported by the evidence; 4) the ALJ improperly found that Plaintiff's credibility was damaged by his overuse of methadone; 5) the ALJ improperly found that Plaintiff's earnings increased in the years preceding his layoff; and 6) the ALJ's hypothetical question to the vocational expert was improper. The Court briefly addresses each of these objections below.

### A. Plaintiff's Supplemental Brief

Plaintiff asserts that Judge Rapaport incorrectly noted in footnote four of the R & R that Plaintiff's supplemental brief did not comply with the Court's November 29, 2004 Order. The Order instructed Plaintiff to file a supplemental brief containing "a comprehensive discussion of the relevant facts with a citation to a page number of the administrative record for each and every fact that is referred to in the supplemental brief" and "include a fully developed legal argument with appropriate cita-

**1.** 42 U.S.C. § 405(g).

**2.** *Id.*

**3.** *Id.*

**4.** *Schwartz v. Halter*, 134 F.Supp.2d 640, 647 (E.D.Pa.2001).

**5.** *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Jesurum v. Sec'y of the United States Dep't of Health &*

*Human Servs.*, 48 F.3d 114, 117 (3d Cir. 1995).

**6.** *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir.1999).

**7.** *DeSanctis v. Barnhart*, No. Civ.A.04–1092, 2005 WL 182718, at *3 (E.D.Pa. Jan.27, 2005) (quoting *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir.1999)).

**8.** 28 U.S.C. § 636(b)(1).

tion to legal authority." Upon review of Plaintiff's supplemental brief, which contains a brief fact section and only two citations to the record,[9] the Court agrees with Judge Rapoport's conclusion that it did not comply with the November 29, 2004 Order. Regardless, this objection is irrelevant as Judge Rapoport considered each of Plaintiff's arguments notwithstanding the inadequacy of his briefs.[10]

## B. Other Medical Evidence

■ Plaintiff contends that the ALJ ignored competent medical evidence without an explanation. In support of this proposition, Plaintiff lists random pages in the record that the ALJ allegedly ignored.[11] This contention is without merit. The pages cited by Plaintiff consist of: 1) medical records from Plaintiff's visits with Dr. Thomas J. Whelan, his rheumatologist from 1999–2003; 2) a memorandum dated September 18, 2001 from Dr. Lynn Yang, Plaintiff's physiatrist/acupuncturist; and 3) the range of motion chart from the report of Dr. Vsevolod Kohutiak. In her opinion, the ALJ refers to the evidence from each of these doctors, specifically finding that said evidence did not support Plaintiff's disability claim.[12] It is immaterial that the ALJ did not cite to the specific pages referred to by Plaintiff, as the ALJ's thorough opinion demonstrates that she considered all of the medical evidence. Moreover, the Court fails to see how any of the pages cited by Plaintiff are inconsistent with the ALJ's finding that Plaintiff is not disabled. Accordingly, the Court overrules this objection.

## C. Dr. Kohutiak's Report

■ In May 2003, Dr. Kohutiak examined Plaintiff and completed a Medical Source Statement of Claimant's Ability to Perform Work–Related Activities.[13] In this statement, Dr. Kohutiak found that Plaintiff could lift and carry fifty pounds occasionally but could only stand and walk one to two hours per day and sit one-half hour per day. He also found that Plaintiff was limited in pushing and pulling and could never bend, kneel or stoop. In her decision, the ALJ found that the record contained no support for Dr. Kohutiak's conclusion that Plaintiff was limited in sitting and standing, stating that "Dr. Kohutiak provides no specific rationale for this limited standing/walking or for limitation of sitting to one-half hour. The record contains no anatomical basis for major limitation of sitting."[14]

Plaintiff now objects to the ALJ's finding that Dr. Kohutiak's report was not supported by the evidence. This objection is without merit. As Judge Rapoport stated, "the ALJ appropriately rejected the portions of Dr. Kohutiak's assessment that relied only upon Plaintiff's subjective complaints and had no objective basis."[15] Accordingly, this objection is overruled.

---

9. Plaintiff's counsel openly questions the propriety of Judge Rapoport's Order in his Supplemental Brief, stating, "I do not believe it is necessary to site [sic] each and every page of the record...."

10. R & R at 13–14.

11. Plaintiff cites to pages 114, 127, 140, 147, 154, 190, and 220–223 in the record. The Court notes that this list of pages is identical to the pages cited by Judge Rapaport on page 15 of the R & R as support for his statement that "the medical evidence shows that Plaintiff had full active range of motion, 5/5 motor

strength, normal ambulation, and normal neurological status during the relevant period."

12. *See* R. 19–21.

13. R. 216–222.

14. R. 21.

15. R & R at 16. *See* 20 C.F.R. § 404.1529(a) ("In determining whether you are disabled, we consider all your symptoms, including pain, and the extent to which your symptoms

## D. Plaintiff's Credibility

 Plaintiff objects to the ALJ's finding that his credibility was damaged by his overuse of methadone.[16] "The authority to evaluate the credibility of witnesses concerning pain and other subjective complaints is reserved for the ALJ." [17] In her decision, the ALJ explained that Plaintiff's methadone overuse damaged his credibility "not as a matter of character, but in that excessive desire for this medication encourages the claimant to assume a disability stance and exaggerate his symptoms." [18] The ALJ appropriately evaluated Plaintiff's credibility and provided numerous reasons, in addition to his methadone overuse, for why she found his credibility to be poor.[19] Further, the ALJ properly credited those portions of Plaintiff's testimony relating to symptoms that were supported by the evidence. Moreover, this Court has independently reviewed the record and finds that the ALJ's credibility determination is supported by substantial evidence. This objection is overruled.

## E. Plaintiff's Earnings in His Last Years of Employment

 Plaintiff objects to the ALJ's finding that he had his highest earning year in 2000, stating that the ALJ and Judge Rapoport "clearly did not realize that as a union employee, the plaintiff would have received pay raises along with all other employees and as such, his earnings would naturally be higher in later years." [20] This objection is meritless. The ALJ mentioned Plaintiff's earnings in her decision only in relation to Plaintiff's credibility:

> The claimant testified that his fibromyalgia was worsening, and that he was missing lots of time in 2000–2001. However, 2000 was the claimant's highest-earning year, and 2001 was in line with the general earnings history (Exh. 3D1–2). (The claimant had no explanation for this apparent contradiction when confronted with this information at hearing.) This statement by the claimant was not accurate and is part of a pattern during the hearing of exaggerating the claimant's case and limitations.[21]

As stated above, the ALJ is empowered to evaluate the credibility of the witnesses. Here, Plaintiff claimed to have taken a lot of unpaid days off of work in 2000–2001.[22]

can reasonably be accepted as consistent with the objective medical evidence and other evidence.... However, statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled."); *Hartranft*, 181 F.3d at 362 ("Allegations of pain and other subjective symptoms must be supported by objective medical evidence.").

16. In the R & R, Judge Rapoport thoroughly addresses this objection, and the Court adopts that analysis here. *See* R & R at 17–22.

17. *Bryan v. Barnhart*, No. Civ.A.04–191, 2005 WL 273240, at *3 (E.D.Pa. Feb.2, 2005) (citing *Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir.1983)).

18. R. 20.

19. *See DeSanctis v. Barnhart*, 2005 WL 182718, at *5 n. 16 (E.D.Pa. Jan.27, 2005) ("The ALJ is empowered to evaluate the credibility of witnesses, so long as the ALJ provides some reason for discrediting testimony.") (internal quotations omitted).

20. Objections at 2.

21. R. 20.

22. Plaintiff claimed to have been working only two or three days per week. R. 292–93.

However, according to his earnings statements, Plaintiff made more in 2000 than he ever had before.[23] When the ALJ asked Plaintiff about this inconsistency, he could not explain it. The ALJ was entitled to take this inconsistency into account when she evaluated Plaintiff's credibility. Accordingly, this objection is overruled.

## F. The ALJ's Hypothetical Question to the Vocational Expert

■ Plaintiff objects to the fact that the ALJ used the findings in Dr. Kohutiak's report to formulate a hypothetical question for the Vocational Expert ("VE"). According to Plaintiff, the ALJ should not have been able to use Dr. Kohutiak's report because she discounted some of Dr. Kohutiak's findings as unsupported by the evidence. Plaintiff cites to no authority for such a standard. The ALJ's rejection of certain portions of Dr. Kohutiak's report is irrelevant. As Judge Rapoport stated in the R & R:

> [T]he ALJ was not required to accept as controlling the assessment of Dr. Kohutiak, because Dr. Kohutiak's assessment was not supported by examination findings, but was largely based upon Plaintiff's own subjective complaints. The ALJ is free to propose numerous hypotheticals to the VE and ultimately adopt the hypothetical that adequately describes the limitations of the claimant.[24]

In this case, the ALJ ultimately found that Plaintiff had the following residual functional capacity: "lift/carry no more than 50 pounds occasionally and 25 pounds frequently; stand/walk or sit 6–8 hours in an 8–hour workday; the claimant has sufficient attention and concentration to understand, remember and follow only simple instructions in unskilled work."[25] As Judge Rapoport concluded, "This residual functional capacity reflects the hypothetical of an individual able to perform unskilled, medium exertional work, which the ALJ posed the VE at the administrative hearing and the VE testified was employable." The ALJ's hypothetical questions were proper, and this objection is overruled.

An appropriate Order follows.

## ORDER

**AND NOW**, this 11th day of February, 2005, upon careful consideration of Plaintiff's Motion for Summary Judgment [Doc. # 5], Defendant's Motion for Summary Judgment [Doc. # 6], Plaintiff's reply brief [Doc. # 9], Plaintiff's supplemental brief [Doc. # 11], the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport [Doc. # 12], and Plaintiff's Objections thereto [Doc. # 13], and for the reasons set forth in the attached Memorandum Opinion, it is hereby **ORDERED**:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. Plaintiff's Objections are **OVERRULED**;

3. Plaintiff's Motion for Summary Judgment is **DENIED**;

4. Defendant's Motion for Summary Judgment is **GRANTED**; and

5. The Clerk of Court shall **REMOVE** this case from the suspense file and mark it **CLOSED** for administrative purposes.

It is so ORDERED.

**23.** R. 43–44.

**24.** R & R at 22.

**25.** R. 24.