**Jamel BEMBERY Appellant**

v.

**Jo Anne B. BARNHART, Commissioner.**

**No. 04–1005.**

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) on Nov. 15, 2004.

Decided July 29, 2005.

Michael P. Boyle, Philadelphia, PA, for Appellant.

Robert W. Kosman, Quinn N. Doggett, Social Security Administration OGC/Region III, Philadelphia, PA, for Appellee.

Before ROTH, SMITH, and WEIS, Circuit Judges.

OPINION

ROTH, Circuit Judge.

Jamel Bembery appeals an Order of the United States District Court for the East-ern District of Pennsylvania, granting summary judgment in favor of the Commissioner of the Social Security Administration. Having found that there was substantial evidence to support the Administrative Law Judge's (ALJ) findings, the District Court affirmed the ALJ's denial of Disability Insurance Benefits (DIB) under Title II of the Social Security Act.

## I. FACTS

Bembery filed an application for disability benefits on September 29, 1999, alleging an onset of disability on or about January 14, 1999, when she apparently fell on an icy sidewalk on her way to work. After the state agency denied Bembery's application initially and upon reconsideration, she requested an administrative hearing. The ALJ found that Bembery was not disabled because she retained the capacity to perform work which existed in significant numbers in the national economy. Her appeal of this decision was denied, and Bembery filed her complaint in federal district court pursuant to 42 U.S.C. § 405(g). The parties filed cross-motions for summary judgment, and the district court granted summary judgment in favor of the Commissioner.

In the months leading up to her application for disability benefits, Bembery received medical attention for injuries related to her fall. X-rays taken of her back and pelvis were negative. On May 25, 1999, Dr. Corey Ruth diagnosed Bembery with post-traumatic cervical, thoracic and lumbosacral paraspinal muscle strain. Dr. Ruth recommended outpatient therapy and anti-inflammatories for treatment, and told Bembery to avoid heavy lifting. On January 26, 2000, a state agency medical physician reviewed Bembery's record, determining that Bembery could perform light work. During this time, Bembery

also underwent several psychological evaluations. Robert Naseef, Ph. D. diagnosed her with non-psychotic depression. She was subsequently evaluated by Richard Small, Ph. D., who concluded that while Bembery had an affective disorder that caused slight difficulties in her social abilities, none of her problems caused any episodes of deterioration or decompensation in a work or work-like setting.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had subject matter jurisdiction pursuant to 42 U.S.C. § 405(g). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

We review the ALJ's decision to determine whether it was supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Substantial evidence means such evidence as would be sufficient to justify, if the issue was presented to a jury, a refusal to direct a verdict. *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190 (3d Cir.1986), *cert. denied, Monsour Med. Ctr. v. Bowen*, 482 U.S. 905, 107 S.Ct. 2481, 96 L.Ed.2d 373 (1987). Accordingly, the factual findings of the Commissioner must be accepted as conclusive, provided that they are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (*citing* 42 U.S.C. § 405(g)).

## III. DISCUSSION

### A. Bembery is Capable of Working Under the Current Statutory Regime

■ Under the Social Security Act, Bembery must prove that she is incapable of engaging in any "substantial gainful activity by reason of a medically determinable physical or mental impairment," and that such impairment is so severe that "she is not only unable to do her previous work but cannot considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(1)-(2).

In evaluating DIB claims, the Commissioner considers whether a claimant is (1) working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of an impairment listed in the regulations and is considered per se disabling, (4) can return to past work, and (5) if not, whether she can perform other work. 20 C.F.R. § 404.1520. While the ALJ found that Bembery was no longer capable of her past work in step four of the evaluation process, the Commissioner met its burden in step five through the testimony of a vocational expert (VE), who stated that Bembery could perform a significant number of unskilled light jobs in the local and national economy, including those of an assembler, appointment clerk, or order clerk. Based on this testimony, we cannot say that the ALJ's finding that Bembery was not disabled went unsupported by substantial evidence.

### B. Bembery's Obesity

■ Contrary to Bembery's argument, the ALJ properly accounted for her obesity throughout the sequential evaluation process, properly denying her a listing because she failed to demonstrate a "gross anatomical deformity" as required under step three of the process. 20 C.F.R. Pt. 404, subpt. P, app. 1, § 1.03A (2000). While the ALJ found that Bembery's obesity was a severe impairment in step two, the ALJ nevertheless concluded in step three that Bembery's ailments in the aggregate did not meet or equal those required for a listing. In support of this decision, the ALJ relied on Bembery's daily routine that involved walking several

blocks at a time without stopping, and climbing steps five times per day. Therefore, the ALJ was correct in concluding that Bembery did not meet all of the criteria listed for a "gross anatomical deformity."

## C. Dr. Bazilian's Opinion

██ Under 20 C.F.R. § 404.1527(d)(2), the opinion of a treating physician must be given controlling weight when it is not inconsistent with other substantial evidence in the record. However, the opinions of Dr. Naseef and Dr. Small, as well as Bembery's own testimony, clearly demonstrate inconsistencies with Dr. Bazilian's report. Therefore, the ALJ's decision to discount the report of Dr. Bazilian was supported by substantial evidence.

## D. Bembery's Credibility

██ The ALJ is required to determine the extent to which a claimant is accurately stating the degree of pain or the extent to which he or she is disabled by it. *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999) (citing 20 C.F.R. § 404.1529(c)). Under the current statutory regime, a claimant's statements about her pain and symptoms do not alone establish disability. 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1529(c). Rather, a disability must be proven through objective medical evidence. Furthermore, the ALJ should consider a claimant's daily activities, the location, frequency, and intensity of the pain or symptoms, the type and dosage of pain medication, and any other measures used to relieve the alleged pain. 20 C.F.R. § 404.1529(c)(3) (2003). In making such determinations, the ALJ is given great discretion, and such findings are entitled to judicial deference. *Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir.1983);

*Murphy v. Schweiker*, 524 F.Supp. 228, 232 (E.D.Pa.1981).

While Bembery complained of being in severe pain, the ALJ properly found these statements only partially credible for a number of reasons, all of which are legitimate. First, Bembery's list of daily activities strongly conflict with her allegations of having totally disabling limitations and pain. Second, nowhere in the medical opinions of Dr. Naseef and Dr. Small do they indicate that Bembery was under such pain or suffering from these alleged symptoms. Third, the ALJ, having witnessed first-hand Bembery's appearance and demeanor at her hearing and agency interviews, found Bembery's statements only partially credible. Based on these findings, we conclude that the ALJ's decision to discount Bembery's credibility was supported by substantial evidence.

## IV. CONCLUSION

For the foregoing reasons, we will affirm the judgment of the District Court.