

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-15-2004

# Facyson v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3172

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Facyson v. Comm Social Security" (2004). *2004 Decisions.* Paper 829.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/829

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-3172
_____

RONALD FACYSON,

Appellant

v.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

Appellee

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 02-cv-03593)
District Judge:  Honorable Eduardo C. Robreno

_____

Submitted Under Third Circuit LAR 34.1(a)
March 12, 2004

BEFORE: SLOVITER, NYGAARD, Circuit Judges.
and SHADUR,[*] District Judge.

(Filed April 15, 2004)

_____

[*]     Honorable Milton I. Shadur, Senior District Judge for the United States District
Court for the Northern District of Illinois, sitting by designation.

_____

OPINION OF THE COURT

_____

SHADUR, <u>District</u> <u>Judge</u>.

Ronald Facyson ("Facyson") appeals a District Court decision that affirmed a final determination by Commissioner of Social Security Jo Anne Barnhart ("Commissioner") that concluded, despite some occupational limitations on Facyson's part, his residual functional capacity ("RFC") allowed him to perform meaningful work in the national economy. That being the case, Commissioner held that Facyson was not statutorily disabled and hence was not entitled to disability insurance benefits or supplemental social security income under the Social Security Act ("Act"[1]). Because we too find that Commissioner's determination was supported by substantial evidence, we affirm.

Given the parties' familiarity with the facts, we review them only as necessary to understand our ruling. Facyson first applied for benefits in May 1997, stating that he suffered from seizure and mood disorders that had afflicted him since December 1996 (Tr. 121-23, 303-05). After twice being denied such benefits at the administrative level, Facyson appeared with counsel at a hearing ("Hearing") before

---

[1]    Citations to the Act take the form "Section--," eliminating any need to repeat "42 U.S.C."

Administrative Law Judge ("ALJ") Larry Banks to consider his case.

After the Hearing the ALJ issued an opinion that also denied such benefits (Tr. 16-26). Facyson then requested review of that determination, and after the Appeals Council denied that request (causing the ALJ's decision to become Commissioner's final decision), Facyson turned to the federal courts under Sections 405(g) and 1383(e)(3).[2] On May 20, 2003 the District Court granted Commissioner's motion for summary judgment (No. Civ. A. 02-3593, 2003 WL 22436274 (E.D. Pa. May 30)), the decision that Facyson now appeals. We have jurisdiction under 28 U.S.C. §1291.

Under the Act an individual is disabled if he[3] is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment..." of a specified duration (Sections 423(d)(1)(A) and 1382c(a)(3)(A)). To that end the Act goes on (1) to specify that an individual is not disabled unless he is "not only unable to do his previous work" but is also unable to "engage in any other kind of

---

[2] Facyson continues to seek benefits from Commissioner. Indeed, he recently filed a motion for stay of this decision on the ground that our decision could be informed (or even mooted) by Commissioner's treatment of a new benefits application that encompasses the same time period as this action. In response Commissioner correctly stated that such a stay would be neither necessary nor proper, in principal part because (1) according to her own rules Commissioner could not take action on a time period already under consideration in a pending federal case (Program Operations Manual System 03106.095) and (2) even if Commissioner were to look at the same time period, anything that she held would be outside the admissible record in this action (Fed. R. App. P. 10(a)). We therefore denied Facyson's motion on March 25, 2004.

[3] No male chauvinism is of course intended here--the Act itself is not gender neutral.

3

substantial gainful work which exists in the national economy" and (2) to define "work which exists in the national economy" as "work which exists in significant numbers either in the region where such individual lives or in several regions of the country" (Sections 423(d)(2)(A) and 1382c(a)(3)(B)).

Facyson bore the initial burden of proving to Commissioner that he fit within the quoted definitions (20 C.F.R. §404.1512(a)[4]). For that purpose Commissioner's regulations outline a five-step process for determining whether a claimant is disabled. Steps 1 through 4 require the claimant to show that he is (1) not currently engaged in gainful employment because he is (2) suffering from a severe impairment (3) that is listed in an appendix (or is equivalent to such a listed condition) or (4) that leaves him lacking the RFC to return to his previous employment (Reg. §404.1520(a) to (e)). If the claimant demonstrates those requirements, the burden then shifts to Commissioner at step 5 to show that other jobs exist in significant numbers in the national economy that the claimant could perform (Reg. §404.1520(f)--considering for that purpose a variety of factors including medical impairments, age, education, work experience and RFC (Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999)).

Facyson met his four-step burden by showing that he is not currently employed, that he suffers from a severe impairment and that he could not return to his job

---

[4] This opinion hereafter uses "Reg. §" to refer to 20 C.F.R. §404 provisions, omitting references to the comparable provisions in 20 C.F.R. §416 (see Sims v. Apfel, 530 U.S. 103, 107 n.2 (2000)).

4

as a production upholstery worker (Tr. 17-18, 23). But after posing to an independent vocational expert a series of hypothetical premises that mirrored Facyson's profile, the ALJ determined that Facyson was not disabled because he could perform numerous other jobs that existed in significant numbers in the national economy (Tr. 24).

Although we review the District Court's decision to grant summary judgment de novo, we review Commissioner's final denial of benefits only under the undemanding substantial evidence standard (Boone v. Barnhart, 353 F.3d 203, 205 (3d Cir. 2003)). In that respect we consider only the evidence before the ALJ, although we might remand to Commissioner if Facyson were to proffer before us other material evidence that he had good cause for not presenting earlier (Section 405(g); Matthews v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001); Jones v. Sullivan, 954 F.2d 125, 128 (3d Cir. 1991)). In that last regard we hold that Facyson's attempt to introduce his February 2003 schizophrenia diagnosis does not warrant remand, both (1) because it was rendered several years after the time period at issue and (2) because it considers only Facyson's impairment, not the ultimate dispositive question of his ability to sustain gainful employment (on the latter score, see Jones, 954 F.2d at 129).

1. Medical Evidence

There was a great deal of medical evidence submitted to and considered by the ALJ. During the course of his treatment and quest for benefits, Facyson was examined by numerous medical professionals, including his regular family physician and

an epilepsy specialist, as well as a general practitioner and a neuropsychiatrist specifically enlisted by Commissioner to help develop a complete record for evaluating Facyson's claim (Tr. 189-92, 193-202, 215-23, 288-91). Those doctors' reports formed the basis for several evaluations by Commissioner's doctors and psychologists, all of which indicated (in varying degrees) that even though Facyson had slight restrictions on his daily activities, he could still engage in some level of employment (Tr. 236-43, 244-52, 255-63, 264-71).[5] Relatedly, still another ingredient that supported the ALJ's resolution was his finding that Facyson's seizures were reasonably under control when he adhered to his medication regime and most acute when he consumed excessive quantities of alcohol (Tr. 225-34, 279-81; Reg. §404.1530; see Jesurum v. Sec'y of HHS, 48 F.3d 114, 119 (3d Cir. 1995)).

To be sure, some of the medical evidence cut in the other direction and could potentially have supported a converse decision that Facyson was disabled. Most significantly, Facyson's treating physician Dr. Finkelstein opined that he believed Facyson's occupational activities were severely limited and that he was disabled (Tr. 203-04, 207-09, 284-85, 300-02).

But it was well within the ALJ's province to evaluate the weight of each

---

[5] Because that evidence taken together sufficed for the ALJ to make an informed decision, Commissioner was not obligated to seek further consultations, evaluations or records. Hence she was not (as Facyson suggests) impermissibly passive in her investigatory duties under Reg. §§404.1512(f), 404.1517 and 404.1519.

piece of evidence in order to determine the appropriate balance. While the ALJ could not of course substitute his own lay judgment for the examining doctors' medical expertise, he was certainly entitled to use his own experience in the weighing of evidence to sort through the various medical opinions presented en route to a reasoned conclusion (Reg. §404.1527(b) to (d); Plummer, 186 F.3d at 429).

Thus the ALJ's decision to give less weight to many of Dr. Finkelstein's conclusions because they were not supported by other objective evidence was exactly the type of credibility determination that an ALJ is competent (and is in fact required) to make (Tr. 19-20, 22; SSR 96-2p's statement of purpose, binding on Commissioner under Reg. §402.35(b)(1); see Jones, 954 F.2d at 128-29).[6] And the added fact that the ALJ not only spelled out the rationales behind his credibility determinations but also modified certain recommendations by Commissioner's medical consultants shows his full engagement in the evidence-weighing process--rather than his discounting evidence without a stated reason and following his own whims instead (Tr. 20, 22-23; Plummer, 186 F.3d at 429).

2. Facyson's Testimony

ALJ Banks' determination was also informed by Facyson's own Hearing

---

[6] Relatedly, the ALJ's decision to give less weight to Dr. Finkelstein's conclusions that Facyson was disabled was also justified: While doctors are free to express their views as to whether a claimant is disabled, the ultimate determination of statutory disability is reserved to Commissioner (Tr. 20; Reg. §404.1520(a); SSR 96-5p's statement of purpose, binding on Commissioner under Reg. §402.35(b)(1)).

testimony (Tr. 21-23). Facyson said there that although he was told not to consume alcohol while taking his seizure medication, he had imbibed on his birthday and one other occasion in the few weeks before the Hearing (Tr. 60-61, 66-67, 72). And he acknowledged that when he drank he would sometimes forget to take his medication (Tr. 61). Facyson also went on to testify that he had felt suicidal in the past and that he had difficulty interacting with strangers (Tr. 81-82). But he also believed that if and when his seizure condition were under control, he otherwise had the physical and mental capacity to hold some jobs--such as being a janitor (Tr. 62-63).

After hearing all of Facyson's testimony and observing that his statements were supported by the medical evidence on the record, the ALJ determined that Facyson appeared lucid and responsive, such that his testimony was "generally credible" and could be considered in arriving at his decision (Tr. 22).[7] As taught by <u>Morales v. Apfel</u>, 225 F.3d 310, 318 (3d Cir. 2000), we will not second guess that ruling.

3. <u>Vocational</u> <u>Expert</u> <u>Testimony</u>

---

[7] Such valid consideration of Facyson's testimony and its credibility differs sharply from the impermissible employment of the "sit and squirm" method--an otherwise unsubstantiated observation that because Facyson behaved a certain way at the hearing he was not disabled (<u>Van Horn v. Schweiker</u>, 717 F.2d 871, 873-74 (3d Cir. 1983)). Nor can Facyson legitimately contend that because he is mentally ill his testimony cannot contribute to the evidence supporting Commissioner's decision. Not only has Facyson forfeited his right to make that argument by not raising it earlier (<u>Salvation Army v. Dep't of Cmty. Affairs</u>, 919 F.2d 183, 196 (3d Cir. 1990)), but he also fails to recognize that his testimony was merely one more component of a good deal of substantial evidence--not the sine qua non of Commissioner's decision.

Finally, the ALJ posed to a vocational expert a detailed hypothetical question that accurately reflected Facyson's abilities and limitations, obtaining the expert's view that Facyson's RFC allowed him to perform numerous jobs that exist in significant numbers in the regional and national economies (Tr. 24, 86-95). Facyson argues that the ALJ improperly arrived at the demographic information used as the basis for that hypothetical scenario, so that it did not fairly depict him and was therefore essentially worthless (F. Br. 28-29). Not so: Instead the process the ALJ used to evaluate the evidence giving rise to the hypothetical was not flawed, and the ALJ's assessment of the weight to give particular parts of that evidence was justified. Hence the vocational expert's opinion was based on a justified hypothetical set of facts, so that her conclusion that Facyson could perform a variety of jobs that exist in significant numbers in the national economy contributes significantly to our conclusion that Commissioner's decision was supported by substantial evidence (Plummer, 186 F.3d at 431; contrast Burns v.Barnhart, 312 F.3d 113, 123 (3d Cir. 2002)).

In the end we, like the District Court, conclude that the ALJ properly and diligently reviewed Facyson's claim and that Commissioner's eventual conclusion that Facyson was not entitled to receive benefits was supported by substantial evidence. We therefore affirm.