**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3881
_____

SUZIE LYNN MILLER,
                                   Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:15-cv-00815)
District Judge:  Honorable Alan N. Bloch

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 11, 2017
Before:  GREENAWAY, JR., VANASKIE and ROTH, Circuit Judges

(Opinion filed December 26, 2017)
_____

OPINION[*]
_____

PER CURIAM

        Suzie Lynn Miller appeals, pro se and in forma pauperis, the District Court's order

denying her motion for summary judgment, granting the Commissioner of the Social

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Security Administration's motion for summary judgment, and affirming the Acting Commissioner of the Social Security Administration's finding that she was not disabled within the meaning of the Social Security Act. We will affirm.

Miller applied for supplemental security income in November 2012. Miller claimed that she had been disabled since February 20, 2007, due to epilepsy, neck and shoulder injuries, partial loss of her right arm, a lower back injury, and chronic obstructive pulmonary disease. She was represented by counsel at the agency level. Her application was denied at the initial level of administrative review. After a hearing, an Administrative Law Judge (ALJ) issued a written decision finding Miller not disabled. The Appeals Council denied Miller's request for review.

Miller then filed a pro se complaint in federal district court against the Acting Commissioner of the Social Security Administration, arguing that the ALJ erred in his decision. Both parties moved for summary judgment. The District Court determined that the ALJ's decision was supported by substantial evidence and accordingly denied Miller's motion for summary judgment and granted the Commissioner's motion for summary judgment. Miller timely appealed.[1]

We have jurisdiction under 28 U.S.C. § 1291. "Although our review of the District Court's order for summary judgment is plenary, 'our review of the ALJ's decision is more deferential as we determine whether there is substantial evidence to support the decision of the Commissioner.' " Fargnoli v. Massanari, 247 F.3d 34, 38 (3d

---

[1] This Court previously denied Miller's request for appointment of counsel on appeal. See Miller v. Comm'r Soc. Sec., C.A. 16-3881, Order entered 12/27/16.

Cir. 2001) (quoting <u>Knepp v. Apfel</u>, 204 F.3d 78, 83 (3d Cir. 2000)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion, and "more than a mere scintilla." <u>Plummer v. Apfel</u>, 186 F.3d 422, 427 (3d Cir. 1999). If the ALJ's factual findings are supported by substantial evidence we are bound by those findings, even if we would have decided the factual inquiry differently. <u>Fargnoli</u>, 247 F.3d at 38.

To determine whether a social-security claimant is disabled, an ALJ must consider, in sequence, whether the claimant: (1) is working, (2) has a severe impairment, (3) has an impairment that meets or medically equals the severity of a listed impairment, (4) can return to her past relevant work, and (5) if not, whether she can perform other work in the national economy. 20 C.F.R. § 416.920(a)(4).

Here, the ALJ determined that (1) Miller had not worked since her application date; (2) Miller's impairments were severe within the meaning of the regulations, but (3) did not meet or medically equal the criteria of any of the presumptively disabling listed impairments; (4) Miller had no relevant past work but retained the residual function capacity (RFC) to perform the same range of light work posed in a hypothetical question to a vocational expert (VE) at the hearing; and (5) Miller could perform a significant number of jobs in the national economy based on her age, education, RFC, and the vocational expert's testimony. Thus, the ALJ concluded that Miller was not disabled within the meaning of the Social Security Act.

Miller first asserts that these findings – specifically on the second and third factors – are unwarranted because the ALJ did not consider her entire medical history going back

3

to 1984, which included treatment with some 23 medical providers that the ALJ did not mention in his decision. A social security claimant's "complete medical history" includes medical records covering at least the 12 months preceding the month in which the application was filed. 20 C.F.R. § 416.912(b)(1)(ii). If an application is filed in or after the month in which the applicant alleges they meet the requirements for eligibility, benefits are only payable as of the month after the application is filed; so, benefits will not be paid for the month in which the application is filed, nor for any previous months. 20 C.F.R. § 416.335.

Here, the ALJ properly considered the previous 12 months of Miller's medical records, as well as medical recordings dating back to 2009. Miller asserted that her disability began in 2007, but the ALJ was not obligated to consider medical records dating back that far where disability benefits would not be paid for that time. See id. And in any case, Miller's description of her entire medical history on appeal has no bearing on the ALJ's initial determination. See Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001) ("evidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence").

Miller next asserts that the ALJ erroneously relied on the VE's testimony in determining her RFC and ability to work. The VE was asked a series of hypothetical questions about employment possibilities, after assuming a person of Miller's age, education, and work background, who could perform some light lifting, stand and walk for four hours and sit for six hours out of an eight-hour day, and otherwise not be exposed to hazards, dust, fumes, or prolonged pushing, pulling, or lifting. The VE testified that

4

such a person could find a significant number of jobs in the national economy. Miller's attorney stipulated to the VE's qualifications.

The ALJ properly relied on this testimony in making its determination. See 20 C.F.R. § 416.966(e). Miller's assertion that the VE's testimony was flawed for not providing more detailed information about the identified jobs, whether such jobs were actually available, and where the jobs were actually located, does not undermine the ALJ's determination. See id. § 416.966(c)(1)-(8). So, the VE's testimony was sufficient to support the ALJ's determination. See 20 C.F.R. §§ 416.920(a)(4)(v), 416.966(b) (explaining that a claimant will not be found disabled if she can make an adjustment to other work existing in the national economy).

Third, Miller argues that the ALJ improperly weighed the medical opinion evidence. The ALJ alone evaluates the medical opinions in the record and weighs each medical opinion based on various factors, including whether the opinion is supported by medical signs and laboratory findings, and is consistent with the record as a whole. 20 C.F.R. § 416.927(c); see also Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) ("The ALJ—not treating or examining or State agency consultants—must make the ultimate disability and RFC determinations.") (citations omitted). If the ALJ provides an explanation, he can reject discredited medical evidence. Zirnsak v. Colvin, 777 F.3d 607, 614 (3d Cir. 2014).

Miller's treating physician opined, based on one examination, that Miller could not perform even sedentary work. Miller's prior medical records were not available at this exam, and the ALJ found discrepancies between the treating physician's report and

Miller's prior medical record. The ALJ also determined that the limitations the doctor noted were more extreme than those warranted by the physical examination's findings. So the ALJ explained why this medical opinion was given less weight in the RFC and disability determinations. The ALJ's decision to afford the state agency physician's opinion significant weight is also supported by substantial evidence. The ALJ determined it was based on a broader record than the treating physician's, and consistent with the cumulative evidence. The ALJ specifically discussed medical evidence from the time period that Miller asserts was ignored. Thus, the ALJ's determination on the weight of medical opinion evidence is supported by substantial evidence.

Fourth, Miller asserts that the ALJ erred by not accepting her subjective complaints of pain and limitations. Subjective allegations of pain or other symptoms cannot alone establish a disability. See 20 C.F.R. § 416.929(a). The ALJ has wide discretion to weigh the claimant's subjective complaints, Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983), and may discount them where they are unsupported by other relevant objective evidence. 20 C.F.R. § 416.929(c). Examples of objective evidence include whether a claimant has sought treatment, or taken medication, to alleviate their pain. Id.

Here, the ALJ considered Miller's subjective assertions, and gave them weight in finding a relatively restrictive RFC. The ALJ also found that Miller did not seek treatment or take medication after filing for disability, which undermined her self-reported limitations. Thus, the ALJ based his decision on relevant objective evidence, which is sufficient to affirm.

6

Fifth, Miller asserts that her attorneys at the administrative level were ineffective. "[T]here is no principle of effective assistance of counsel in civil cases." Slavin v. Comm'r, 932 F.2d 598, 601 (7th Cir. 1991). Thus, Miller's claim cannot undermine the ALJ's determination.

Finally, to the extent Miller raises additional challenges that were not presented to the District Court, those arguments are waived. See Tri-M Group, LLC v. Sharp, 638 F.3d 406, 416 (3d Cir. 2011).

For these reasons, we will affirm the District Court's judgment.